FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 FEB 28 PM 12: 05

CLERK

SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JOHN WAYNE HABERSHAM,          )
                               )
          Plaintiff,           )
                               )
     v.                        )          CV 113-001
                               )
MICHELLE ORTIZ, et al.,        )
                               )
          Defendants.          )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on February 7, 2013, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 8.) Plaintiff filed an amended complaint, and it is that document that the Court will now screen. (Doc. no. 9.)

## I.    BACKGROUND

In his amended complaint, Plaintiff names the same Defendants as in his original complaint: (1) Michelle Ortiz, who appears to be associated with a "legal center;" (2) Vic Hawk, an attorney whom Plaintiff appears to have contacted concerning representation in the past; (3) Joanna Knipe, whom Plaintiff asserts is associated with the same legal center as Defendant Ortiz, although he also lists Defendant Knipe as an insurance adjuster; (4) Laurie Henderson, another insurance adjuster; and (5) Dunkin Donuts / Baskin Robbins. (See doc. no. 9, pp. 1, 3-4.)  As an initial matter, the Court notes that, despite having been directed to amend his complaint due to its marked lack of specificity, Plaintiff's amended complaint contains only incrementally more information as was present in the original complaint.[1]

First, in the section for the statement of his claim, Plaintiff briefly describes an incident – presumably at a Dunkin Donuts / Baskin Robbins store – in which he allegedly "went [into the store] to get some donuts" and then "slipped and fell due to water on the floor."[2]  (Id. at 3.)  Plaintiff alleges that "[t]here was no warning no sign on the floor letting me [know] the floor was wet."  (Id.)  Plaintiff then goes on to list a number of injuries that the Court presumes he intends to allege were sustained as a result of that incident.  (Id. at 4.)

---

[1]The Court notes that, despite the Court's explicit warning not to attach exhibits as a means of providing the factual basis for the amended complaint (doc. no. 8, p. 4), Plaintiff has attached to his amended complaint a series of medical records, some of which appear to overlap with those provided in his original complaint, as well as a letter from Defendant Hawk.  (See doc. nos. 9-1, 9-2.)  Notably, Plaintiff makes no reference whatsoever to those documents in his amended complaint.

[2]As was the case with his original complaint, Plaintiff's amended complaint appears to have been at least partially written by his mother.  (Doc. no. 9, pp. 3-4.)  Thus, the narrative alternates between first-person and third-person perspectives.  (Id.)  For ease of analysis, the Court will proceed as if the amended complaint were written entirely in first-person perspective by Plaintiff.

Next, Plaintiff simply lists the name of each Defendant next to his or her occupation. (Id.) Notably, Plaintiff asserts, without further elaboration, that Defendant Hawk "was his lawyer." (Id.) As relief, Plaintiff requests that all of his medical bills be paid for, that he receive all of the medical treatment he needs, and that he be awarded $50,000,000.00. (Id. at 5.) Plaintiff does not specify from whom he seeks the requested payments. (Id.)

## II.    DISCUSSION

Although there are a number of significant obstacles to Plaintiff's attempted lawsuit, a threshold – and dispositive – issue in this case is whether this Court has jurisdiction to hear Plaintiff's claims.[3] The issue is somewhat complicated by the fact that, as noted above, Plaintiff's amended complaint offers little in the way of specificity, in that Plaintiff has only vaguely alleged a past injury without clearly asserting a claim against any named Defendant

---

[3]The Court is obligated to determine whether it has jurisdiction over this matter. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard System R. R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . . The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. . . . Thus, the party invoking the federal court's jurisdiction bears the burden of proof. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . . Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Fitzgerald, 760 F.2d at 1251 (citations omitted).

in particular.  (See generally doc. no. 9.)  The only claim that is even arguably discernable from Plaintiff's amended complaint is a premises liability claim against Defendant Dunkin Donuts / Baskin Robbins (hereinafter "Defendant Dunkin Donuts").

To the extent that Plaintiff indeed intends to bring a premises liability claim against Defendant Dunkin Donuts based on his alleged slip-and-fall incident – which, again, is altogether unclear from the amended complaint, especially in light of the attached letter from Defendant Hawk in which he appears to decline Plaintiff's invitation to represent him in connection with that incident – that claim arises under O.C.G.A. § 51-3-1 and is thus properly classified as a state law claim.  See Ahuja v. Cumberland Mall, LLC, 821 F. Supp. 2d 1317, 1324 (N.D. Ga. 2011).  Notably, Plaintiff has not alleged that his citizenship is diverse from the citizenship of Defendant Dunkin Donuts (i.e., citizens of different states) for purposes of 28 U.S.C. § 1332.  Although Plaintiff claims an amount in controversy of at least $75,000, without diversity of citizenship, his state law claim related to premises liability is simply not actionable in this Court.  See 28 U.S.C. 1332; see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) ("Federal courts are courts of limited jurisdiction.").  That being the case, to the extent that Plaintiff attempts to bring other state law claims against Defendant Dunkin Donuts or any other Defendant, Plaintiff has not asserted a viable federal claim that might allow for the Court to take supplemental jurisdiction over those state law claims pursuant to 28 U.S.C. § 1367.[4]

_____

[4]Moreover, even if Plaintiff *had* asserted a viable federal claim that might allow for supplemental jurisdiction over any additional state law claims, he has failed to provide any indication whatsoever as to what those claims might be, and the Court declines to hazard any guesses.  In fact, as to Defendants Ortiz, Hawk, Knipe, and Henderson, Plaintiff has failed to mention those Defendants in his amended complaint other than listing their names in the caption, the section for "Additional Defendants," and the portion of his statement of facts

4

In sum, Plaintiff has failed to state a viable claim against any named Defendant. To the extent that he intends to assert a premises liability claim, this Court does not have jurisdiction to hear such a claim, nor does it have supplemental jurisdiction over any additional state law claims that Plaintiff might be attempting to assert.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be dismissed, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of February, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

wherein he specifies each Defendant's occupation. The Eleventh Circuit has held that a district court properly dismisses defendants where a litigant, other than naming the defendants in the caption of the complaint, fails to state any allegations that associate the defendants with the purported legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).